UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CORY CHEETHAM, | ) | Case No.: 1:10 CV 84 |
| Petitioner | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| Respondent | ) | ORDER |

On December 16, 2009, Petitioner Cory Cheetham ("Cheetham" or "Petitioner") filed a *pro se* complaint in Cleveland Municipal Court, alleging a conversion of his social security benefits by the Commissioner of Social Security ("Respondent"). (ECF No. 1, Attachment No. 1, Exhibit A) Cheetham asserts that the Commissioner withdrew Social Security benefit funds in the amount of $3,005. 76 from his personal checking account, without authorization. *Id.* The United States Attorney removed this case to federal court. (ECF No. 1 Notice of Removal) This court referred the case to Magistrate William H. Baughman, Jr. for preparation of a Report and Recommendation. On April 16, 2010, the Respondent filed a Motion to Dismiss Or In The Alternative, Motion for Summary Judgment. (ECF No. 8).

On July 30, 2010, Magistrate Judge Baughman submitted his Report and Recommendation (ECF No. 17), recommending that the Respondent's motion to dismiss for lack of subject matter jurisdiction be granted. First, he found that Petitioner has an obligation to file an administrative claim and receive a denial of that claim before filing a lawsuit in court under the Federal Tort Claims Act, and as he has failed to do so, the federal court lacks subject matter jurisdiction. Second, Judge Baughman found that Cheetham's claim may not be able to proceed under the FTCA because courts are split on whether or not claims that allege

conversion of funds or for theft may be considered part of the class of intentional torts barred under the FTCA. Third, Judge Baughman found that if Cheetham's claim is considered an equitable claim of unjust enrichment or an imposition of a constructive trust, it cannot proceed under the FTCA. Therefore, if Cheetham's claim is able to proceed under the FTCA, it is clear that he has failed to comply with the prerequisites for bringing suit.

As of the date of this Order, Petitioner has not objected to the Report and Recommendation. By failing to do so, he has waived the right to appeal the Magistrate Judge's recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

The court finds that after *de novo* review of the Report and Recommendation and all other relevant documents, the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own the Magistrate Judge's Report and Recommendation. (ECF No. 17.) Respondent's Motion to Dismiss is hereby granted. Petitioner's motions regarding case management are denied as moot. The court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

August 31, 2010